UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TOBIAS ALLEN,**

    **Petitioner,**

                                                                                                          Case No. 1:02-CV-725
**v.**                                                                                      Hon. Gordon J. Quist

**MARY BERGHUIS,**

    **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

**Background**

On May 20, 1998, petitioner pled guilty to "open murder." Plea at 3-5 (docket no. 16). Under the plea agreement, the court held a "degree hearing" to decide whether first or second degree murder was appropriate. *Id.* at 3-8. The plea agreement further provided that if petitioner was found guilty of first degree murder, he could withdraw his plea and proceed to trial. *Id.* After considering petitioner's testimony at the plea hearing and other evidence, the court found petitioner was guilty of second degree murder, MCL § 750.317, and sentenced him to 18 to 35 years' imprisonment. Judgment of Sentence (docket no. 18).

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals raising two issues:

> I. Was [petitioner's] confession coerced?
>
> II. Was the trial court's determination of [the] degree of murder procedurally invalid?

The Michigan Court of Appeals denied petitioner's application for leave to appeal and motion for rehearing. *People v. Allen*, No. 220687 (Mich. App.) (Oct. 15, 1999) and (Jan. 12, 2000).

Petitioner filed a a delayed application for leave to appeal to the Michigan Supreme Court raising the following issue:

> I. Was the trial court's determination of degree of murder procedurally invalid?

The Michigan Supreme Court denied petitioner's delayed application for appeal. *People v. Allen*, No. 116469 (Mich. Oct. 10, 2000).

Petitioner filed a motion for relief from judgment, which set forth four issues:

> I. Petitioner's trial counsel was ineffective.
>
> II. That the prosecution failed to prove the elements of Second Degree Murder beyond a reasonable doubt.
>
> III. That the hearing at which the degree of guilt was determined was defective.
>
> IV. That petitioner's confession was obtained by coercion or in violation of his Fifth Amendment right against self incrimination.

*People v. Allen*, Kent Co. Case No. 98-02784-FC (Opinion July 27, 2001) (docket no.20). The trial court denied Issues I and II as being without merit, and Issues III and IV as barred by MCR 6.508(D)(2). *Id.*

Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals, which raised six issues:

> I. Did [petitioner] demonstrate cause & prejudice, when [petitioner] shown [sic] that he was denied due process to a determination hearing?
>
> II. Did [petitioner] demonstrate that his statement to the police was involuntary?
>
> III. Was [petitioner's] 6th Amendment rights to the effective assistance of trial and appellate counsel [] violated?
>
> IV. Was [petitioner] denied the effective assistance of counsel when counsel advised [petitioner] to plea guilty to second degree murder, without first informing [petitioner] of the defense of intoxication, and not objecting/preserving on the record, the court's failure to conduct a degree hearing, or objecting to fundamental due process violations during the plea negotiation[s]?
>
> V. Was [petitioner] denied the effective assistance of appellate counsel, when appellate counsel failed to properly brief the claims during the appeals process?
>
> VI. [Petitioner's] right as guaranteed by the 6th Amendment, and the 14th Amendment to due process of law, were clearly violated when counsel failed to [perform] in an objective and professional manner, to protect [petitioner's] right to counsel.

*See* docket no. 20. The Michigan Court of Appeals denied leave to appeal lack of merit in the grounds presented. *People v. Allen*, No. 237644 (Mich. App. Feb. 8, 2002).

Petitioner raised three grounds in his delayed application for leave to appeal to the Michigan Supreme Court:

> I. [Petitioner] has demonstrated cause & prejudice when [petitioner] demonstrated his guilty plea was involuntary.

>    II.  [Petitioner's] confession was involuntary, when the police continued to question [petitioner] after [he] requested an attorney, and the police refused to allow [petitioner] to relieve himself during questioning.
>
>    III. [Petitioner] has been denied due process of law under the 6th Amendment when trial and [appellate] counsel did not properly object to the plea agreement or inform [petitioner] of his option [sic] during trial.

The Michigan Supreme Court denied the application "because [petitioner] has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Allen*, No. 121076 (Mich. Aug. 30. 2002).

Then, petitioner filed a petition for federal habeas relief which raised the following three issues:

>    I.   [Petitioner] was denied his 14th Amendment constitutional right under the 14th Amendment when the trial court failed to conduct a determination hearing to determine the degree of the petitioner's guilt.
>
>    II.  [Petitioner] was denied his right to the effective assistance of trial & [appellate] counsel under the U.S. Constitution Amend. VI, 1 § 5; XIV Amend. 1963, when petitioner's plea to 2nd [degree] murder was involuntary, when the government failed to comply with the plea agreement terms, and the petitioner could not have been convicted of 1st [degree] murder under Michigan's statute.
>
>    III. Petitioner was denied his 14th Amend. right to the effective assistance of trial & appellate counsel, when counsel failed to inform petitioner of the consequences of his plea, and defenses available to petitioner, and that petitioner would have to surrender his 5th Amend [sic] right against self incrimination at the plea hearing, when the plea court used the petitioner's 5th Amendment right against the petitioner.

Petitioner added two more claims in his amended habeas petition:

IV. Petitioner's confession to the police, was involuntary, when the petitioner needed medical attention, was denied use of the rest-room, and denied food & sleep during the interrogation.

V. Petitioner's sentence of 18-35 years is cruel and/or unusual punishment, when the government held the petitioner in county custody for nine months, awaiting testimony in another unrelated offense, further, petitioner's 18-35 year sentence is disproportionate to the circumstances of this offense.

## Discussion

### I. Standard of Review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254 which provides that a federal district judge "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996, which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *Lopez v. Wilson*, No. 01-3875, slip op. at 3 (6th Cir. Oct. 7, 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Lopez*, slip op. at 3, *citing Williams*, 529 U.S. at 405.

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

## II.    Exhaustion and procedural default

Before a state prisoner may seek habeas relief in federal court he must first fairly present the substance of his federal claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270 (1971); *Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir. 1994); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has not exhausted all of his federal habeas claims in the Michigan state courts. While petitioner appears to have exhausted portions of habeas claims I, II and III (relating to the validity of his plea and the "determination hearing"), it appears that petitioner's habeas claims IV and V are unexhausted.

As a general rule, a habeas petition containing unexhausted claims should be dismissed without prejudice to allow the petitioner to present his claims to the state courts. *See Rose*

*v. Lundy*, 455 U.S. 509, 518-20 (1982). Here, however, petitioner has filed his motion for post-conviction relief pursuant to MCR 6.500 *et seq.* and has no further avenue to exhaust in the state courts. These claims are subject to the procedural default doctrine, because petitioner failed to give the state courts a "full and fair" opportunity to resolve that claim and he cannot cure the failure because the state court remedies are no longer available. *Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004).

Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Not every state procedural rule will warrant application of the procedural default doctrine. A state procedural rule will support an application of the procedural default doctrine only if the rule was "firmly established and regularly followed" at the time it was applied. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

Petitioner's claims II, III, IV and V are subject to a procedural default analysis. In this case, the court is faced with engaging in an extensive and complex procedural default analysis of issues which can be readily resolved on the merits. "[J]udicial economy sometimes dictates reaching the merits if the merits are more easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999) (internal citations omitted), *citing Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997). *See also*, *Binder v. Stegall*, 198 F.3d 177, 178 (6th Cir. 1999) (magistrate judge properly decided the case on the merits where procedural default issue raised more questions than the merits of the case). This is a case in

which judicial economy dictates reaching the merits of the case. Accordingly, the court will dispense with a procedural default analysis and review the merits of petitioner's claims.

### III. Petitioner's Habeas claims

### A. Standard of review of a guilty plea

All of petitioner's habeas claims arise from his guilty plea entered in a state court. A voluntary plea of guilty constitutes an admission of all the material elements of a crime. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). "A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers." *Id.* In addition, a criminal defendant forecloses all subsequent non-jurisdictional appeals to his conviction by pleading guilty. *United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir. 2000); *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991). When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Tollett v. Henderson*, 411 U.S. 258 (1973).

To satisfy the dictates of due process, a plea "must be a voluntary, knowing, intelligent act." *Hart v. Marion Correctional Facility*, 927 F.2d 256, 257 (6th Cir. 1991). A valid guilty plea must be made with knowledge of the "relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). *See also North Carolina v. Alford*, 400 U.S. 25, 31 (1970). For a defendant's plea of guilty to be voluntary, the defendant

must be aware of the maximum sentence imposed. *See King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). However, "the trial court is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea." *Id.*

When a state criminal defendant brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary plea by producing a written transcript of the state court proceeding. *See Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact. *Id.* A habeas petitioner "must overcome a heavy burden" to have a federal court overturn these state court findings. *Id.* at 328.

### B. Validity of petitioner's plea and determination hearing (Issues I and II)

Petitioner contends that the state court denied his due process rights by failing to conduct a determination hearing to determine the degree of his guilt and that his plea was invalid. Petition at 1-12. Petitioner pled guilty to murder and agreed to have the trial judge determine the degree subject to the following plea agreement:

| The Court: | Do you understand that you are being charged here today with open murder? |
|---|---|
| [Petitioner]: | Yes. |
| The Court: | Do you understand that what the penalty for murder is depends on whether it's first or second degree murder? And that, as I understand it, by agreement of your attorney and the prosecutor, the Court is going to determine whether first or second degree murder is appropriate? |
| [Petitioner]: | Yes. |

The Court: Then I understand, also, from the prosecutor's office, in the event the Court finds it is first degree murder, he has the right to withdraw his plea and go to trial?

[Prosecutor]: That's correct, your Honor.

Mr. Trusock:[1] Yes, your Honor.

                                  \*      \*      \*

The Court: If I accept your plea, Mr. Allen, you will be giving up any claim you did not plead guilty to by your own choice today or that your plea was forced by someone threatening you in some way or promised you something. Unless you tell me about those promises now, you can't come back later and claim somebody promised you something that was not on this record. Do you understand that?

[Petitioner]: Yes.

                                  \*      \*      \*

The Court: Plea agreement?

[Prosecutor]: Your Honor, my understanding of the plea agreement is, if he is found guilty of first degree, the defendant may withdraw his plea and go to trial.

The Court: Mr. Trusock?

Mr. Trusock: That's a complete statement of the plea agreement, you Honor.

The Court: Do I understand that I am to make the determination between first and second degree?

Mr. Trusock: That's correct, your Honor.

The Court: I have read the material I have been furnished. I will put it on the record, when we get to it, what I have in front of me. But, in the meantime, let's finish up the plea part of this.

The Court: Is that your understanding of the plea agreement, Mr. Allen?

---

[1] Petitioner's counsel.

10

[Petitioner]: Yes.

The Court: No one has promised you anything else or threatened you in any way, is that right?

[Petitioner]: No.

The Court: Are you entering into this plea by your own choice and volition?

[Petitioner]: Yes.

Plea at 3-4, 6-8.

Under Michigan law, when a criminal defendant pleads guilty to open murder, "the court must determine whether the defendant is guilty of first- or second-degree murder as defined in MCL § 750.316, 750.317." *People v. Watkins*, 468 Mich. 233, 238; 661 N.W.2d 553 (2003); MCL §§ 750.316, 750.317, 750.318.[2] "The degree hearing is simply an extension of the plea hearing," and the court may make whatever inquiry it deems necessary to determine whether there was a factual basis to support a finding that the defendant was guilty of first or second degree murder. *Watkins*, 468 Mich. at 238-39.

In the present case, petitioner pled guilty to open murder. Plea at 5. The court reviewed the terms of the plea agreement and petitioner testified that he understood the agreement. *Id.* at 7. The court advised petitioner of the charges, the maximum penalty for first degree murder and the maximum penalty for second degree murder. *Id.* at 3-5. Petitioner testified: that he

---

[2] MCL § 750.318 provides in pertinent part as follows:

The jury before whom any person indicted for murder shall be tried shall, if they fnd such person guilty thereof, ascertain in their verdict, whether it be murder of the first or second degree; but, if such person shall be convicted by confession, the court shall proceed by examination of witnesses to determine the degree of the crime, and shall render judgment accordingly."

discussed the facts of the case with his counsel; that he understood the maximum penalties of the charged crimes; that he understood that he was surrendering his rights to a jury trial, to question witnesses and to remain silent; that no one promised him anything to give his plea; and that he was entering the plea by his "own choice and volition." *Id.* at 3-8.

Petitioner testified that he had an altercation or fight with the victim (Virgil King) during the early morning of June 15, 1997. *Id.* at 8. Petitioner further testified: that he did not know the victim; that he hit the victim with his fists; that he kicked the victim; that he turned a lawn mower upside down, poured gasoline from the lawn mower engine on the victim; and that he threw a lighter in the gasoline, lighting it and burning the victim. *Id.* at 9. Petitioner testified that he knew "that hitting [the victim] and kicking him and pouring this gasoline on him could cause him serious injury." *Id.* Petitioner testified that the victim died as a result of his injuries. *Id.* at 9-10.[3]

The court accepted the plea and then proceeded to make the determination as to first or second degree murder. *Id.* at 10. In addition to petitioner's plea, the judge reviewed a 48-page statement taken from petitioner "a few hours" after the incident, the victim's autopsy report, police reports and interviews of witnesses. *Id.* The judge did not have a transcript of the preliminary examination. *Id.* After reviewing all of the information, the judge found that petitioner was guilty of second degree murder rather than first degree murder. *Id.* at 10-13. In reaching this decision, the judge could not find beyond a reasonable doubt that petitioner met the elements of first degree murder, i.e., that he "intended to kill and that it was premeditated with deliberate intention." *Id.* at 13. *See* MCL § 750.316(1)(a) (First degree murder includes "[m]urder perpetrated by means of

---

[3] The record reflects that the victim was burned over 27% of his body, with a cause of death determined to be blunt trauma to the abdomen. *People v. Allen*, Kent Cir. Ct. Case no. 98-02784-FC (July 27, 2001).

posion, lying in wait, or any other willful, deliberate, and premeditated killing"). However, the judge found that petitioner met the elements of second degree murder, i.e., "he intended to seriously harm [the victim] or create a high risk of death or serious injury knowing death or injury was likely." *Id. See* MCL § 750.317 ("[a]ll other kinds of murder shall be murder of the second degree, and shall be punished by imprisonment in the state prison for life, or any term of years, in the discretion of the court trying the same"). Based upon this record, petitioner's plea to second degree murder was valid and represented "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill*, 474 U.S. at 56 (1985).

Petitioner also complains that the "determination hearing" was improper because there were no witnesses presented. In short, petitioner contends that the trial court committed an error in applying the state's determination hearing statute. This is a state law issue that is not subject to review in this proceeding. "[F]ederal habeas corpus relief does not lie for errors of State law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Accordingly, petitioner's claims regarding the defective determination hearing and invalid plea should be denied.

### C. Withdrawal of plea (Issue II)

Next, petitioner contends that he should have been able to withdraw his plea because it violated his plea agreement. Specifically, petitioner thought he would receive only a 10-year sentence and a "real chance" of being found guilty of involuntary manslaughter during the determination hearing. Petition at 9. A plea agreement is a contract, the terms of which are determined by what the parties intended. *United States v. Goergen*, No. 99-1914, 2000 WL 282883 at * 1 (6th Cir. March 13, 2000); *Ramos v. Rogers*, 170 F. 3d 560, 563 (6th Cir.1999). Petitioner testified that he understood the terms of the plea agreement as follows: he agreed to plead guilty to

open murder and to have the judge determine whether first or second degree murder was appropriate. Plea at 3-8. The plea agreement did not include a maximum sentence of 10 years or an offer to accept a guilty plea of involuntary manslaughter. There is simply no evidence that petitioner or the prosecutor intended to include these more lenient terms in the plea agreement. Furthermore, even if petitioner thought he would receive a 10-year sentence, he may not set aside the guilty plea merely because he is disappointed with the actual penalty imposed. *See Brady v. United States*, 397 U.S. 742, 757 (1970); *Gunnett v. Redman*, No. 94-1179, 1994 WL 652730 at *2 (6th Cir. Nov. 18, 1994). Accordingly, this habeas claim should be denied.

### D.     Ineffective assistance of counsel at the plea (Issues II and III)

Petitioner claims that his trial counsel was ineffective for failing to have a determination hearing, allowing him to waive his Fifth Amendment right at the determination hearing, and not explaining that the judge could make a determination decision without calling witnesses. *Id.* at 11, 13-16.[4]

In order to prevail on an ineffective assistance of counsel claim, petitioner must establish two elements. First, petitioner must establish that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Second, there must be a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

---

[4] While petitioner's Issues II and III appear to raise claims of ineffective assistance of appellate counsel, petitioner presents no argument on these claims.

The *Strickland* standard has been adopted and modified in alleged ineffective assistance claims related to guilty pleas. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985). "In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence." *Id.* at 58. However, the second or "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

As an initial matter, petitioner is factually incorrect when he claims that the did not have a determination hearing. The record reflects that the judge held the determination hearing and considered additional evidence after accepting petitioner's plea to open murder. Plea at 10-14. Given the limited scope of this hearing, i.e., determining whether petitioner was guilty of first or second degree murder, the court did not find it necessary to hear additional live witnesses. The trial judge concluded that petitioner's testimony and other documentary evidence supported the lesser charge of second degree murder. The significance of the lack of live witnesses is not clear, since petitioner received precisely what he bargained without them.

Next, petitioner's claim that his counsel made him waive his Fifth Amendment right against self-incrimination during the degree determination hearing is without merit. Petitioner knowingly waived his Fifth Amendment rights when he pled guilty. Plea at 5-6, 8-10. The determination hearing was simply an extension of the plea hearing. *Watkins*, 468 Mich. at 239.[5] The

---

[5] Petitioner erroneously relies on *People v. Watkins*, 247 Mich. App. 14, 25; 634 N.W.2d 370 (2001), *affirmed but criticized* in *Watkins*, 468 Mich. 233, in which the Michigan Court of Appeals held that "a criminal defendant who pleads guilty of open murder does not waive his right to remain silent at the hearing

court relied on petitioner's testimony made at the plea hearing (that he hit, kicked and burnt the victim) along with other evidence (such as the autopsy and petitioner's confession) to determine that petitioner was guilty of second degree murder.

Finally, even if counsel had failed to explain the procedures involved in the determination hearing, petitioner's claim of ineffective assistance of counsel fails because he was not prejudiced. The only plea bargain offered by the prosecution was open murder, with possible convictions of either first or second degree murder. The court found that petitioner met the elements of second degree murder and accepted petitioner's guilty plea on that charge. Petitioner pled guilty to second degree murder, which is exactly what he bargained for. Nothing in the record suggests a "reasonable probability" that petitioner would have entered a different plea but for counsel's allegedly flawed explanation of the determination hearing process. While petitioner may have hoped to receive a 10-year sentence or a conviction for involuntary manslaughter, these results were not part of the plea agreement. Accordingly, petitioner's claims of ineffective assistance of counsel should be denied.

### E.  Petitioner's confession was involuntary (Issue IV)

Next, petitioner contends that his confession, which the state trial judge reviewed during the plea proceedings, was involuntary. Petitioner's contention is without merit. As the Supreme Court stated in *Tollett*,

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court

---

conducted pursuant to MCL § 750.318 to determine the degree of murder." The Michigan Supreme Court explicitly rejected this portion of the Michigan Court of Appeals' decision, stating that the determination hearing was simply an extension of the plea hearing and that the court did not compel petitioner to testify. *Watkins*, 468 Mich. at 239-40.

16

>that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett*, 411 U.S. at 267. *See, e.g., United States v. Kirksey*, 118 F.3d 1113, 1115 (6th Cir. 1997) (by pleading guilty, defendant waived his right to appeal the denial of his motion to suppress). Petitioner pled guilty to second degree murder. He may not now claim that the authorities violated his constitutional rights in obtaining his confession prior to the entry of his guilty plea. Accordingly, petitioner's claim should be denied.[6]

### F. Petitioner's sentence (Issue V)

Finally, petitioner contends that he received cruel and unusual punishment in violation of the Eighth Amendment. At sentencing, the judge observed that petitioner's minimum sentence ranged from 144 to 300 months (12 to 25 years). Sent. Trans. at 7 (docket no. 17). First, the judge chose not to impose the top of the guideline as a minimum, because the murder involved an intent to do great bodily harm rather than an intent to kill. *Id.* at 7-8. Then, the judge considered petitioner's "key" testimony given in a murder case involving petitioner's half-brother. *Id.* The judge noted that petitioner could have invoked his Fifth Amendment right in that case, but chose to

---

[6] In its opinion denying petitioner's motion for relief from judgment, the trial court found that petitioner's confession was strong evidence that petitioner did not commit first degree murder:

>[W]e cannot help noting that it was largely on the basis of that confession that the court found clear evidence that this crime did not involve premeditation or deliberation. Thus, defendant is strenuously attempting to exclude one of the most favorable pieces of evidence that he has. It is probably for that reason that his very capable attorney did not object to its use.

*People v. Allen*, Opinion at 7 (July 27, 2001).

17

testify, "which was the right thing to do." *Id.* Given these considerations, the court sentenced petitioner to serve 18 to 35 years' imprisonment. *Id.* at 8-9.

"Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Because petitioner's sentence was neither a death penalty nor life in prison without possibility of parole, he is not entitled to federal habeas relief on this proportionality claim. Furthermore, petitioner's sentence fell within the maximum sentence (life imprisonment) applicable to a second degree murder conviction. "A sentence within the statutory maximum set by statute generally does not constitute cruel and unusual punishment." *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir.2000) (internal quotations omitted).

## **Recommendation**

I respectfully recommend that petitioner's habeas petition be dismissed. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated:  October 28, 2005                 /s/ Hugh W. Brenneman, Jr.
                                         Hugh W. Brenneman, Jr.
                                         United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).